UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shadeo Singh,<br><br>                              Plaintiff,<br>     -v-<br><br>All Safe Fire Sprinkler Systems, Inc.,<br><br>                              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Shadeo Singh ("Plaintiff" or "Singh"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant All Safe Fire Sprinkler Systems, Inc. ("Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to the New York Labor Law, that he is: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week (ii) entitled to liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees

pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Shadeo Singh ("Plaintiff" or "Singh") is an adult, over eighteen years old, who currently resides in Queens County, New York.

8. Upon information and belief and all times relevant herein, All Safe Fire Sprinkler Systems, Inc. ("All Safe") was a New York for-profit corporation.

9. Upon information and belief and at all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

10. Upon information and belief, Defendant owned and/or operated a place of business in Westchester County, New York, located at 375 Executive Blvd Elmsford, NY 10523 where Plaintiff was employed.

11. At all times relevant herein, Plaintiff was employed by Defendant.

## **STATEMENT OF FACTS**

12. Upon information and belief, and at all relevant times herein, Defendant was involved in the business of providing fire protection services. See https://all-safe-fire-sprinklers-inc.business.site/?utm_source=gmb&utm_medium=referral

13. Upon information and belief and at all times relevant herein, Defendant employed about 38 or more employees.

14. At all times relevant herein, Plaintiff was employed by Defendant from on or about January 4, 2022 to on or about June 3, 2022.

15. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant as a technician performing all duties within this capacity.

16. At all times relevant herein, Plaintiff was an hourly employee of Defendant, and his last regular hourly rate of pay was about $45 an hour.

17. At all times relevant herein, Plaintiff worked 50.75-53.25 or more hours each week for Defendant; 5-6 days a week but Plaintiff was not paid for each and all hours worked in each week during his employment with Defendant, with the exception of about 5 weeks.

18. At all times relevant herein, Defendant had a policy and practice of paying Plaintiff for 40 hours each week and Plaintiff was not paid any wages for each and all hours worked in excess of forty in each week during his employment with Defendants – with the exception of about 5 weeks during his employment.

19. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

20. At all relevant times herein and for the time Plaintiff was employed by Defendant, Plaintiff worked more than forty (40) hours in a week for each week, during his employment with Defendant.

21. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week.

22. At all times relevant herein, Defendant did not provided Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

23. At all times relevant herein, Defendant not provided Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

24. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

25. Upon information and belief and at all times relevant herein, Defendant used and purchased materials from vendors in and outside the State of New York and from a variety of sources after traveling in interstate and/or foreign commerce.

26. Upon information and belief, and at all times relevant herein, Defendant conducted business with vendors and other businesses outside the State of New York.

27. Upon information and belief, and at all times relevant herein, Defendant conducted business outside the State of New York involving construction equipment, materials and services.

28. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

29. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

30. Upon information and belief, and at all times relevant herein, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

31. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendant and Plaintiff's employment with Defendant.

32. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state overtime wage posters.

33. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

34. The circumstances of Plaintiff's termination and other conditions of his employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

35. "Plaintiff" as used in this complaint refers to the named Plaintiff.

36. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

37. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

38. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC 201 et Seq.

39. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

40. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

41. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

42. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid overtime wage compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq.  and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

43. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

45. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime

6

compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

## Relief Demanded

46. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

47. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 46 above with the same force and effect as if fully set forth at length herein.

48. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

49. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid non-overtime wages, overtime wages, and unlawful wage deductions described above, as required by NYLL §§ 191, 193 and 198.

50. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

51. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover

in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

### Relief Demanded

52. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant his entire unpaid wages, including his unpaid overtime wages, unlawful wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

53. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

54. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

55. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

56. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including his unpaid non-overtime wages, overtime wages, unlawful wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including §

198, and issue an injunction directing Defendant to comply with NYLL 195(1) and NYLL 195(3).

57. Award Plaintiff prejudgment interest on all monies due;

58. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

59. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **June 30, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF